| | |
|---|---|
| 1 | PATRICK D. ROBBINS (CABN 152288)<br>Acting United States Attorney |
| 2 | |
| 3 | MARTHA BOERSCH (CABN 126569)<br>Chief, Criminal Division |
| 4 | ANDREW PAULSON (CABN 267095)<br>Assistant United States Attorney |
| 5 | |
| 6 | 1301 Clay Street, Suite 340S<br>Oakland, California 94612 |
| 7 | Telephone: (415) 436-6915<br>FAX: (510) 637-3724<br>andrew.paulson@usdoj.gov |

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 4:24-mj-70020 MAG |
| Plaintiff, | ) ) | STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE FROM FEBRUARY |
| v. | ) ) | 26, 2025, TO MAY 16, 2025, AND EXCLUDE TIME |
| GWOMINA LOUIS AJAYI, | ) ) | |
| Defendant. | ) ) | |

It is hereby stipulated by and between counsel for the United States and counsel for the defendant Gwomina Louis Ajayi, that the status conference currently scheduled on February 26, 2025, be continued to May 16, 2025, at 10:30 a.m., and that time be excluded under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1 between those two dates.

On February 29, 2024, the Court issued an order modifying defendant Gwomina Louis Ajayi's bail conditions and continuing the previously set status conference to March 20, 2024. Dkt. No. 20. The parties subsequently stipulated to continuing the aforementioned status conference to May 30, 2024, which the Court memorialized in an order issued on March 19, 2024. Dkt. No. 22. In May, June, July, September, November, December, and January, the parties agreed to continue previously scheduled

status hearings. Dkt. Nos. 24, 25, 31, 34, 37, 41.

In their prior stipulation, the parties noted that at the status conference held on January 23, 2024, the government and counsel for the defendant agreed that time be excluded under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1 so that defense counsel could continue to prepare, including by reviewing the discovery to be produced and because of the complexity of the case. The parties stipulate and agree that additional time is needed to review additional discovery that was recently provided to the defense and to discuss potential resolution of this case.  Additionally, the parties are actively engaging in plea negotiations and exchanging discovery.  Moreover, government counsel is scheduled to be in a multi-week trial beginning on March 17, 2025, before the Honorable Yvonne Gonzalez-Rogers.  For this reason and the reasons stated in their prior stipulations, the parties stipulate and agree that excluding time until May 16, 2025, will allow for the effective preparation of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv); Fed. R. Crim. P. 5.1(d).  The parties further stipulate and agree that the ends of justice served by excluding the time from February 26, 2025, through May 16, 2025, from computation under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1 outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv); Fed. R. Crim. P. 5.1(d).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED:  February 19, 2025            */s/ Andrew Paulson*
                                     ANDREW PAULSON
                                     Assistant United States Attorney

DATED:  February 19, 2025            */s/ Matthew Dirkes*
                                     MATTHEW DIRKES
                                     Counsel for Defendant Gwomina Louis Ajayi

# ORDER

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court, for good cause shown, the Court finds that continuing the status conference set for February 26, 2025, to May 16, 2025, and excluding that time from computation under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1 would benefit counsel in reviewing discovery, and not doing so would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation for further proceedings, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv); Fed. R. Crim. P. 5.1(d). The Court further finds that there is good cause to exclude the time from February 26, 2025, to May 16, 2025, from computation under Federal Rule of Criminal Procedure 5.1, and that the end of justice served for excluding the time between those dates from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS ORDERED that the time February 26, 2025, to May 16, 2025, shall be excluded from computation under the Speedy Trial Act and Federal Rule of Criminal Procedure 5.1. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

IT IS SO ORDERED.

DATED: February 20, 2025

*[Signature: Judge Donna M. Ryu — IT IS SO ORDERED, Northern District of California]*

HONORABLE DONNA M. RYU
Chief United States Magistrate Judge